IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYL EDNEY,

       Petitioner,

v.                                          CASE NO. 4:12-cv-460-RS-GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). After his original petition had been served, Petitioner sought leave to amend his petition, which was granted, and Petitioner filed an amended petition on March 22, 2013. (Doc. 11.) Currently pending before the Court is Respondent's Motion to Dismiss Grounds Five, Eight, Nine, Ten and Eleven as Untimely. (Doc. 15.) Petitioner filed a response in opposition to the motion to dismiss (Doc. 21) and therefore this matter is ripe for review. For the following reasons, it is recommended that the motion to dismiss should be granted and the parties should be directed to brief on the merits the remaining claims in grounds 1-4, 6, and 7 of the Amended Petition.

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000). The petitioner bears the burden of showing that equitable tolling is warranted. *Drew v. Dept' of Corrections,* 297 F.3d 1278, 1286 (11ᵗʰ Cir. 2002).

## Discussion

Petitioner's state court procedural history is as follows: Following a jury trial, Petitioner was convicted of sexual battery on a child under 12 years of age by an adult 18 years of age or older. (Doc. 12, Ex. C.) He was sentenced on October 19, 2007, to life imprisonment. (*Id*.) Petitioner appealed his conviction, which was affirmed by a written opinion by the First DCA on March 10, 2009. (Ex. I.) Because the First DCA issued a written opinion, Petitioner could have sought discretionary review in the Florida Supreme Court, but he did not do so. Accordingly, Petitioner's conviction became final 30 days later, on April 9, 2009, when the time to seek discretionary review expired. Fʟᴀ. R. Aᴘᴘ. P. 9.120.

The one-year limitation ran for thirteen days until April 23, 2009, when Petitioner

filed a Rule 3.850 motion for post-conviction relief.  (Ex. L.)  The 3.850 motion was denied on March 29, 2010, and Petitioner appealed.  The denial was *per curiam* affirmed by the First DCA.  (Ex.  Q.)  The First DCA issued its mandate on October 18, 2011, and the one-year limitation began to run again.  (Ex. T.)

While his appeal of the first Rule 3.850 motion was still pending, Petitioner filed a second Rule 3.850 motion on June 14, 2011, on the basis of newly discovered evidence.  (Ex. V.)  The motion was dismissed on August 26, 2011.  (*Id*.)  In dismissing it, the court noted that because the motion did not meet the definition of newly discovered evidence the motion was procedurally barred as successive and untimely. (*Id*.)  Thus, Petitioner's second 3.850 motion did not act as a tolling event because the motion, dismissed as untimely, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a post-conviction motion rejected as untimely by a state court was not "properly filed.")

Petitioner filed his original federal habeas petition on September 10, 2012.  (Doc. 1.)  Respondent concedes that this was within the one-year limitation period.  (Doc. 15.) Petitioner provided the amended petition to prison officials for mailing on March 18, 2013.  (Doc. 11.)

Respondent argues that the pendency of a federal habeas petition does not toll the one-year period and, thus, the one-year limitation period expired on October 11, 2012, meaning that Petitioner's amended petition was untimely.[1]

---

[1] The Court calculates the end of the one year limitation period differently.  The one-year time limit ran for 13 days after Petitioner's conviction became final before he filed his Rule 3.850 motion.  It began to run again on October 18, 2011, when the First DCA mandate issued on Petitioner's first Rule 3.850 appeal.  Thus, there were 352

The original petition contained seven grounds. (Doc. 1.) The Amended Petition contains eleven grounds for relief. (Doc.11.) Respondent contends that grounds five, eight, nine, and ten are not based on the original, timely petition, and ground eleven is a cumulative error claim based, in part, on grounds five, eight, nine, and ten. Thus, Respondent argues that these five grounds do not relate back to the original petition and are due to be dismissed as untimely.

In order to be considered timely, Petitioner's new claim must satisfy the "relation back" principles of Rule 15. Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000). A new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original [§ 2254] motion." *Davenport*, 217 F.3d at 1344. For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding." *Id.* Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States,* 274 F.3d 1315, 1318 (11th Cir. 2001). Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

---

days left within the one year period at that time, which expired on October 4, 2012. The difference in dates, however, makes no difference because the amended petition was filed on March 22, 2013, well after either date.

The grounds presented in Petitioner's original petition are as follows:

1.  The trial court erred by permitting the state to introduce the prior consistent statements of the victim.

2.  The trial court erred by permitting the state to amend the information on the morning of the trial.

3.  The prosecutor committed fundamental error during his closing argument.

4.  Ineffective assistance of counsel by failing to conduct adequate pre-trial investigation or procure the use of an expert to discredit or challenge the credibility of the alleged victim.

5.  Ineffective assistance of counsel by failing to properly rehabilitate Petitioner's testimony of past felony and misdemeanor convictions involving dishonesty where failure adversely affected the jury's perception of Petitioner's character and credibility.

6.  The trial court's failure to provide a proper and adequate hearing upon the grounds of Defendant's Rule 3.8550 motion prevented the court from recognizing and correcting a fundamental miscarriage of justice.

7.  Ineffective assistance of counsel for the cumulative effect of less than persuasive claims but when added together substantially affected the outcome of the decision of the jury.

Grounds 1-4 in the original petition are identical to grounds 1-4 of the amended

petition.  Ground 5 of the original petition is presented as ground 6 in the amended

petition.  Ground 6 of the original petition is presented as ground 7 in the amended

petition.

The new grounds added in the amended petition are as follows:

5.  Objectively unreasonable assistance of counsel by failing to challenge the alleged victim's competency before proceeding to trial, where just cause existed, rendering the outcome of Petitioner's trial functionally unreliable, in violation of Petitioner's 5th, 6th, and 14th amendments of the United States Constitution and corresponding provisions of state law.

8.  Petitioner's conviction was erroneously obtained through the state prosecution's use of perjured testimony; which created a fundamental

miscarriage of justice in violation of the Petitioner's due process rights etcetera.

9.   Trial counsel rendered ineffective assistance by failing to investigate the case and prepare for trial, and failed to subject the state's case to any meaningful adversarial testing through advocating the Petitioner's cause, which amounted to a constructive denial of effective assistance of counsel and violated the Petitioner's due process rights.

10.   The State of Florida judiciary created a fundamental miscarriage of justice though its incongruous and manifestly unjust/erroneous rulings in allowing a manifest injustice to go uncorrected, contrary to the Petitioner's constitutional rights.

11.   The cumulative errors committed by the trial court officers; the judge(s), the prosecution, and defense counsel, resulted in a fundamentally unfair trial and/or appellate process in violation of the Petitioner's constitutional provisional rights.

For the following reasons, the Court concludes that grounds 5, 8, 9, and 10 do not satisfy the relation back requirements of Rule 15(c) or *Davenport*.

Ground 5 of the amended petition alleges that trial counsel was ineffective for failing to investigate and challenge the victim's competence before trial.  While Petitioner raises three other ineffective assistance claims in his original petition – including that counsel was ineffective for failing to procure the use of an expert to discredit the credibility of the alleged victim, failing to properly rehabilitate Petitioner's testimony, and cumulative error –  Petitioner does not address this specific allegation of ineffective assistance in the original petition.  Simply alleging some form of ineffective assistance in the original petition is not enough for Petitioner to be able to add an entirely new claim of ineffective assistance in his amended petition.  Accordingly, the Court concludes that ground 5 of the amended petition for writ of habeas corpus does not relate back to the timely filed claims alleged in the original petition and is time-barred.

Ground 8 of the amended petition alleges that Petitioner's conviction was obtained with the use of perjured testimony from the state's witnesses S.S. and C.G. The original petition discussed the testimony of S.S. and C.G. in ground 1, but although Petitioner objected in that ground to the use of prior consistent testimony he did even mention perjured testimony.  In the amended petition Petitioner alleges that the prosecutor should have discovered that the witnesses' testimony was perjured.  Simply put, these are different claims.  Accordingly, the Court concludes that ground 8 of the amended petition for writ of habeas corpus does not relate back to the timely filed claims alleged in the original petition and is time-barred.

In ground 9 of the amended petition Petitioner alleges that defense counsel was ineffective for failing to investigate the veracity of the witnesses' testimony, alleging that defense counsel abandoned her duty of loyalty, suggesting that defense counsel should have discovered that the state's witnesses allegedly were testifying falsely.  As discussed above regarding ground 5, although Petitioner raised clams of ineffective assistance in his original petition, this specific allegation of ineffective assistance is not addressed in the original petition.  It is simply a new claim. Accordingly, the Court concludes that ground 8 of the amended petition for writ of habeas corpus does not relate back to the timely filed claims alleged in the original petition and is time-barred.

In ground 10 of the amended petition Petitioner alleges that the Florida judiciary "created a fundamental miscarriage of justice . . . in allowing a manifest injustice to go uncorrected."  Petitioner alleges that after he learned of newly discovered evidence that allegedly would have impeached the state's witness C.G., he filed his second Rule 3.850 motion, which was denied and was not given an evidentiary hearing.  According

to Petitioner the Court's denial of his motion and denial of his request for a hearing creates a "fundamental miscarriage of justice." Because this claim is based on Petitioner's allegation of newly discovered evidence, the one-year limitation period would run from the time he discovered this new information. According to Respondent, as evidenced by the allegations in the amended petition Petitioner had actual knowledge of the new evidence no later than May 11, 2010. Therefore, because the First DCA mandate on Petitioner's Rule 3.850 motion issued on October 18, 2011, the one-year limitation did not expire until October 18, 2012, which would make the claim untimely unless it relates back to his original petition. Although Petitioner never alleges when he discovered this new evidence, based on the record, Petitioner had actual knowledge of this new evidence no later than June 14, 2011, when he filed his second Rule 3.850 in the state court based on his discovery. Thus, the one-year limitation period expired on October 18, 2012, and this claim must relate back to the original petition or it is time-barred. This claim is not related to any of Petitioner's original claims, and was not presented or raised in any fashion in Petitioner's original petition. Accordingly, the Court concludes that ground 10 of the amended petition for writ of habeas corpus does not relate back to the timely filed claims alleged in the original petition and is time-barred.

Ground 11 of the amended petition sets forth a cumulative error claim based on the errors by the trial court officers, judges, prosecution, and defense in his "state court criminal trial/appellate process rendered a fundamentally unfair trial and/or appeal." Although Petitioner also asserts a cumulative error claim in his original petition as ground 7, the cumulative errors raised in ground 11 are based, in part, on Petitioner's

time-barred claims asserted in grounds 5, 8, 9, and 10.  In contrast, in ground 7 of the
original petition Petitioner asserts  a cumulative error claim based only upon his claim
that his defense counsel at trial was ineffective.  The amended claim in ground 11
significantly expands this claim to include the state court judges and prosecution, in
addition to his defense counsel both at the trial and appellate level.  Thus, this claim is
substantially different from his cumulative error claim in the original petition.
Accordingly, the Court concludes ground 11 of the amended petition for writ of habeas
corpus does not relate back to the timely filed claims alleged in the original petition and
is time-barred

Relying upon *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) Petitioner argues that the
court may hear his claims.  In *Martinez,* the Court addressed issues of exhaustion and
procedural default in holding that "a procedural default will not bar a federal habeas
court from hearing a substantial claim of ineffective assistance at trial if, in the initial-
review collateral proceeding, there was no counsel or counsel in that proceeding was
ineffective."  *Martinez*, 132 S. Ct. at 1321.  *Martinez* did not address the AEDPA one-
year limitations period or equitable tolling.  Thus, Petitioner's argument that his petition
is timely under *Martinez* is wrong.  *Martinez* was a significant case, but it did not set
forth a new rule of constitutional law.  The Court specifically declined to address
lingering constitutional questions and instead qualified its earlier holding in *Coleman v.
Thompson,* 501 U.S. 722 (1991).  *Id.* at 1315.   The Court in *Martinez* further discussed
the "differences between a constitutional ruling and the equitable ruling of this case."
*Id.* at 1319.  *In short, Martinez* did not set forth a new constitutional right and therefore

does not provide a basis for re-starting the limitations period under § 2244(d)(1)(C).[2]

## **Petitioner is Not Entitled to Equitable Tolling**

Respondent also contends that Petitioner is not entitled to equitable tolling because the delay in presenting Petitioner's claims was within his control and was not unavoidable.  "Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).  To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no showing that he is entitled to equitable tolling in his

---

[2]   *See James v. Secretary, Dept. of Corrections,* 2012 WL 2885938 (M.D. Fla. 2012) (finding *Martinez* inapplicable in analyzing timeliness of habeas petition); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) ("the rule of *Martinez*, while new, is not a rule of constitutional law); *Adams v. Thaler,* 679 F.3d 312 (5th Cir. 2012) (holding that "the Court's decision [in *Martinez*] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"); *Saunders v. Lamas*, 2013 WL 943351, at *3 (E.D. Pa. 2013) ("Because *Martinez* did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render the petition timely filed."); *Yow v. Thaler*, 2012 WL 2795850, at *8-*10 (N.D. Tex. 2012) ("[T]he *Martinez* case is inapplicable to Petitioner's statute of limitations issues.").

amended petition.  And to the extent that Petitioner alleges in his response to the

motion to dismiss that he is entitled to equitable tolling under *Martinez,* his contention is

without merit.  As discussed above, *Martinez* did not address equitable tolling or the

AEDPA limitations period.  Furthermore, judges in this District and elsewhere have

made clear that *Martinez* does not create a basis for equitable tolling of the limitations

period.  *See, e.g., Culver v. Crews*, 2013 WL 1278968 (N.D. Fla. 2013) (declining to

find that *Martinez* provided a basis for equitable tolling of the AEDPA limitations period);

*Wise v. Rozum,* 2013 WL 579659 (M.D. Pa. 2013) ("The *Martinez* decision did not allow

for equitable tolling of the AEDPA deadlines."); *Kingsberry v. Maryland*, 2012 WL

2031991 (D. Md. 2012) ("*Martinez* did not address equitable tolling in the context of

ineffective assistance of counsel and provides no relief here.")

     For the foregoing reasons it is respectfully **RECOMMENDED** that:

     Respondent's Motion to Dismiss (Doc. 15) should be **GRANTED.**  Grounds 5, 8, 9, 10 and 11 of the Amended Petition (Doc. 11) should be dismissed as untimely. The parties should be directed to brief grounds 1-4, 6, and 7 of the Amended Petition on the merits.

     **IN CHAMBERS** at Gainesville, Florida, this 15th day of January 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**